1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  | DERRICK LANE JOHNSON,

CASE NO. 1:09-cv-00742-AWI-SMS PC

10            Plaintiff,

ORDER REQUIRING PLAINTIFF TO EITHER
FILE AN AMENDED COMPLAINT OR

11  v.

NOTIFY THE COURT OF HIS WILLINGNESS
TO PROCEED ONLY ON EXCESSIVE

12  S. CAVAGNARO, et al.,

FORCE CLAIM FOUND TO BE
COGNIZABLE

13            Defendants.

(Doc. 1)

14

15  _____/

THIRTY-DAY DEADLINE

16

## Screening Order

17

**I.    Screening Requirement**

18

Plaintiff Derrick Lane Johnson, a state prisoner proceeding pro se and in forma pauperis, filed

19
20  this civil rights action pursuant to 42 U.S.C. § 1983 on April 27, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a

21
22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23
24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25
26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27
28  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader

2   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4   do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

5   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

6   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at

7   1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal

8   conclusion are not. Id. at 1949.

9   **II.   Eighth Amendment Claims**

10   Plaintiff, who is currently incarcerated at Salinas Valley State Prison, brings this civil action

11   against Correctional Officers S. Cavagaro, C. Lane, and Does 1-6 for violating his rights under the

12   Eighth Amendment of the United States Constitution.  The events at issue in this action occurred at

13   the California Substance Abuse Treatment Facility in October 2008.

14   Plaintiff alleges that on October 11, 2008, he was placed on contraband watch by Defendants

15   Cavagnaro and Lane after they received an anonymous note stating that Plaintiff was in possession

16   of a controlled substance.  Plaintiff would remain on contraband watch until October 14, 2008, at

17   which time he was placed in administrative segregation.

18   The cell Plaintiff was housed in while on contraband watch had no water, toilet, blankets, or

19   sheets, but a bare mattress was provided.  Plaintiff was provided with one cup of water and one cup

20   of milk a day, was not given adequate hygiene supplies, and was not given his blood pressure and

21   psychotropic medications for three days.  Plaintiff's hands were cuffed with plastic flexicuffs and

22   metal handcuffs, and his ankles were bound with metal ankle restraints and duct tape with a metal

23   chain placed around the handcuffs and wrapped around his waist and ankles.  Plaintiff alleges that

24   the restraints were applied in a manner that caused pain and restricted the blood flow to his wrists

25   and ankles.

26   On October 12, 2008, Plaintiff was interviewed by Defendants Cavagnaro and Lane regarding

27   his visitor, who was arrested for possession of a controlled substance.  Plaintiff declined to say

28   anything and the interview was terminated.  When Plaintiff was returned to the holding cell, his

1 restraints were tightened even more, causing greater restriction and pain.  Plaintiff complained on

2 October 13, 2008, to Doe Defendants 1 and 2 about the restraints causing him severe pain and

3 numbness, but was told, "I can't do it.  Lane and Cavagnaro told me not to."  Plaintiff made the same

4 complaint to Doe Defendants 3 and 4 on October 13, 2008, and to Doe Defendants 5 and 6 on

5 October 14, 2008, and received the same response.  Plaintiff also asked Doe 2 for his medication on

6 October 13, 2008, and Doe 4 for his medication on October 14, 2008.  Both told him they would

7 look into it but Plaintiff did not receive the medication.

8      After Plaintiff was released from contraband watch, his injuries from the restraints were

9 documented by C. Belantes, a medical staff member, but his requests for medical attention while

10 housed in administrative segregation received no response.

11      **A.**   <u>**Excessive Force**</u>

12      Plaintiff alleges that the restraints were applied to cause unnecessary pain and suffering, and

13 that for weeks after being released from contraband watch, he suffered severe pain in his wrists and

14 ankles.  Plaintiff alleges that Does 1-6 were aware of the harm caused by the restraints but failed to

15 take any action.

16      The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

17 Clause of the Eighth Amendment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995 (1992)

18 (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied

19 in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

20 <u>Hudson</u>, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the

21 malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless

22 of whether or not significant injury is evident.  <u>Id.</u> at 9-10; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623,

23 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force,

24 not de minimis injuries)).

25      Plaintiff's allegation that he was kept in restraints for three days which were tighter than

26 necessary and which caused him pain and restricted blood flow is sufficient to state a claim for use

27 of excessive force.  <u>Wall v. County of Orange</u>, 364 F.3d 1107, 1112 (9th Cir. 2004) ("[O]verly tight

28 handcuffing can constitute excessive force.")  Plaintiff has adequately alleged that Does 1-6 were

1  aware of the situation but failed to loosen the restraints.  However, Plaintiff's allegations do not

2  demonstrate that Defendants Cavagnaro and Lane were aware the restraints were too tight and were

3  causing Plaintiff pain.

4        Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated

5  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis

6  added).  This requires the presentation of factual allegations sufficient to state a plausible claim for

7  relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

8  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

9        Although the Does' statements that Cavagnaro and Lane would not let them loosen the

10  restraints possibly suggest that Cavagnaro and Lane were aware Plaintiff was in pain and the

11  restraints were too tight, it is simply not sufficient clear nor is it alleged that Plaintiff complained

12  directly to Cavagnaro and Lane about the handcuffs and asked that they be loosened.  Smith v.

13  Yarborough, No. CV-04-4502-DSF (JTL), 2008 WL 4877464, *12-13 (C.D. Cal. Nov. 7, 2008).

14  Therefore, the Court finds that Plaintiff's allegations falls short of stating a claim against Defendants

15  Cavagnaro and Lane for use of excessive force.

16       **B.**    **Conditions on Strip Cell Status**

17        Plaintiff alleges that the lack of hygiene supplies and the limitation of one cup of water and

18  one cup of milk per day violated his rights under the Eighth Amendment.

19        The Eighth Amendment protects prisoners from inhumane methods of punishment and from

20  inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

21  Extreme deprivations are required to make out a conditions of confinement claim, and only those

22  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

23  the basis of an Eighth Amendment violation.  Hudson, 503 U.S. at 9 (citations and quotations

24  omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege

25  facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of

26  serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994);

27  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

28  ///

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id.

While the Eighth Amendment mandates the provision of adequate hygiene supplies and drinking water, id.; Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), Plaintiff's conclusory allegations that he was not provided with adequate supplies and that he was only given two cups of liquid to drink a day for three days are not sufficient to support a claim for violation of the Eighth Amendment. The deprivations as alleged are not sufficiently grave to violate the Eighth Amendment, and Plaintiff has not alleged any facts linking the deprivations to any particular defendants.

## C.     Denial of Medical Care

Plaintiff alleges that the failure to provide him with his blood pressure and psychotropic medications for three days, and the failure to Does 2 and 4 to respond to his request for his medication violated his rights.[1]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be

---

[1] This appears to be the same claim rather than two separate claims as pled in the complaint.

manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

Here, there is no indication that Plaintiff suffered any harm as a result of being deprived of his medication for three days, McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)), and further, Plaintiff's allegations do not demonstrate that Does 2 and 4 "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ," Farmer, 511 U.S. at 837.   Therefore, the Court finds that Plaintiff has not stated a cognizable Eighth Amendment claim arising out of the denial of medical care.

**III.   Conclusion and Order**

Plaintiff's complaint states a claim for relief under section 1983 against Does 1-6 for excessive force, arising from the use of overly tight restraints.  However, the complaint does not state any other claims for relief under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Does 1-6 on his excessive force claim, Plaintiff may so notify the Court in writing.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Further, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

6

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.   File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.   Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Does 1-6 on his excessive force claim; and

3.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **September 11, 2009**             **/s/ Sandra M. Snyder**
                                 UNITED STATES MAGISTRATE JUDGE