# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LANE JOHNSON, | CASE NO. 1:09-cv-00742-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 13) |
| S. CAVAGNARO, et al., | |
| Defendants. | |

Plaintiff Derrick Lane Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Salinas Valley State Prison in Soledad, California. However, the events described in Plaintiff's complaint took place while he was incarcerated at the California Substance Abuse Treatment Facility and State Prison ("CSATF/SP") in Corcoran, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names S. Cavagnaro, C. Lane, and Does 1-6 as defendants. For the reasons set forth below, the Court finds that Plaintiff states cognizable claims against Cavagnaro, Lane, and Does 1-6 for the use of excessive force in violation of the Eighth Amendment. Plaintiff's claims regarding the conditions in his holding cell are not cognizable. The Court will recommend that Plaintiff's claims regarding the conditions of his holding cell be dismissed without leave to amend.

///

///

1

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.  **Background**

    A.  **Procedural Background**

Plaintiff filed the original complaint in this action on April 27, 2009. (Doc. #1.) On September 11, 2009, the Court screened Plaintiff's original complaint. (Doc. #12.) The Court found that Plaintiff's original complaint stated some cognizable claims and dismissed the non-cognizable

2

claims. The Court provided Plaintiff with notice of the deficiencies in his non-cognizable claims and provided Plaintiff with the opportunity to file an amended complaint to cure the deficiencies in those claims. On October 7, 2009, Plaintiff filed his first amended complaint. (Doc. #13.) This action proceeds on Plaintiff's first amended complaint.

### B. Factual Background

Plaintiff claims that Defendants violated his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Plaintiff alleges that his rights were violated when he was placed in tightly bound restraints for three (3) days "for the sole purpose to inflict harm upon Plaintiff." (Am. Compl. 6, ECF No. 13.) Plaintiff also complains that he was placed in a holding cell with no water or toilet facilities and had to sleep on a bare mattress in a cold cell.

On October 11, 2008, Defendants Cavagnaro and Lane received information indicating that Plaintiff was in possession of a controlled substance. Cavagnaro and Lane placed Plaintiff in a holding cell on contraband watch. Plaintiff complains that he could not "maintain his hygienic needs" for three (3) days because the cell had no water or toilet facilities. (Am. Compl. 7, ECF No. 13.) Plaintiff was also forced to sleep on "a bare mattress" and was not given a blanket or sheets to cover himself in the cold cell. (Am. Compl. 7, ECF No. 13.) Plaintiff complains that his hands were placed in "plastic flexcuffs" and metal handcuffs. (Am. Compl. 7, ECF No. 13.) Plaintiff contends that Cavagnaro and Lane purposely placed the restraints tightly around Plaintiff's wrists for the purpose of causing him pain, and that his complaints about the pain were ignored. Plaintiff also alleges that he was placed in ankle restraints and bound by duct tape "in a manner which caused Plaintiff undue pain and restricted his blood flow." (Am. Compl. 7, ECF No. 13.)

On October 12, 2008, Plaintiff was questioned by Cavagnaro about the possession charges. Plaintiff refused to cooperate during the interview. In response, Cavagnaro and Lane tightened Plaintiff's restraints. After Plaintiff was placed back in his holding cell, Plaintiff complained to Defendants Does 1-6 about the pain caused by his restraints. Does 1-6 refused to intervene and told Plaintiff that they were instructed not to loosen Plaintiff's restraints. Plaintiff complains that he experienced severe pain for weeks after the restraints were removed.

///

### III. Discussion

Plaintiff contends that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff claims that Defendants violated his Eighth Amendment right by tightly applying Plaintiff's restraints in a manner intended to injure Plaintiff. Plaintiff's allegations are sufficient to support a claim for use of excessive force under the Eighth Amendment. See Wall v. County of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004) ("overly tight handcuffing can constitute excessive force"). Plaintiff alleges that Cavagnaro and Lane handcuffed Plaintiff, while Does 1-6 were informed of the pain caused by the restraints and ignored Plaintiff's requests for relief. Plaintiff states cognizable claims against Cavagnaro, Lane, and Does 1-6 for the use of excessive force in violation of the Eighth Amendment.

Plaintiff also complains about the conditions in his holding cell. He contends that his holding cell did not have water or toilet facilities and for three (3) days he was unable to "maintain

his hygienic needs." However, Plaintiff does not allege that he suffered any serious injury as a result of the allegedly unhygienic conditions. Further, Plaintiff does not allege that he was at risk of any serious injury. Notably, while Plaintiff alleges he did not have water or toilet facilities in his holding cell, there is no indication that he was denied access to such facilities outside his holding cell. Additionally, while Plaintiff alleges that he slept on a bare mattress in a cold cell, he does not allege that he suffered substantial injury during his three-day stay in the holding cell and fails to clearly identify any substantial risk to his health as a result of sleeping on the bare mattress in the cold cell. "The Constitution 'does not mandate comfortable prisons.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Plaintiff fails to allege facts to support the conclusion that the conditions in the holding cell were so inhumane that they violated the Eighth Amendment. Further, Plaintiff has not alleged any facts to suggest that Defendants were aware that the conditions in the holding cell were so inhumane so as to constitute the denial of the minimal measure of life's necessities.

The Court previously informed Plaintiff of the deficiencies in his claims based on the conditions in his holding cell. (Order Requiring Pl. To Either File An Am. Compl. Or Notify The Court Of His Willingness To Proceed Only On Excessive Force Claim Found To Be Cognizable 4:16-5:11, ECF No. 12.) Plaintiff has failed to amend his complaint in a way that meaningfully addresses those deficiencies. As such, the Court finds that these claims are not capable of being cured by granting further leave to amend. The Court will dismiss these claims without leave to amend. The Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

///

The action will proceed only on Plaintiff's claims against Defendants Cavagnaro, Lane, and Does 1-6 for the use of excessive force in applying Plaintiff's restraints too tightly.

## IV.     Conclusion and Recommendation

Plaintiff's complaint states cognizable claims against Defendants Cavagnaro, Lane, and Does 1-6 for the use of excessive force in violation of the Eighth Amendment. However, Plaintiff does not state any cognizable claims regarding the conditions in his holding cell. Plaintiff was provided with the opportunity to amend and his amended complaint failed to remedy the deficiencies with his claims regarding the conditions in his holding cell. The court finds that the deficiencies pertaining to Plaintiff's claims about the conditions of his holding cell are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on October 7, 2009, against Defendants Cavagnaro, Lane, and Does 1-6 for the use of excessive force in violation of the Eighth Amendment; and

2. Plaintiff's conditions of confinement claims be dismissed for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 19, 2010**               /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE