IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LANE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>S. CAVAGNARO, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-00742 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br><br>(Doc. 30) |

　　　Plaintiff is a state prisoner proceeding pro se an *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2011, Defendants filed a motion to dismiss pursuant to unenumerated Federal Rule of Civil Procedure 12(b), arguing therein that this action should be dismissed for Plaintiff's failure to exhaust administrative remedies. (Doc. 28.) In response, on February 7, 2011, Plaintiff filed a motion to stay this matter. (Doc. 30.) In his motion, Plaintiff indicates that he is currently confined in administrative segregation awaiting transfer to a different institution of incarceration. (Id.) According to Plaintiff, he does not have access to his legal work or the law library at this time. (Id.)

　　　The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even

balance." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936). "The proponent of the stay bears the burden of establishing its need." <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997).

In this case, the Court is not persuaded that a stay would serve the interests of efficiency or would facilitate the speedy resolution of this matter. Of particular concern for the Court is the fact that Plaintiff has not provided any time frame as to when he will be transferred to a new institution of incarceration. The Court is unwilling to stay this matter for an open-ended period of time. It is also unclear as to whether Plaintiff will be denied access to the law library and his legal property throughout his entire time in administrative segregation. Thus, to the extent that Plaintiff seeks additional time to file an opposition to Defendants' pending motion to dismiss, the Court declines to enter a stay of this matter and will instead grant Plaintiff an extension of time.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's February 7, 2010, motion to stay (Doc. 30) is **DENIED**; and
2. Good cause appearing, Plaintiff shall file an opposition to Defendants' pending motion to dismiss or provide explanation for his failure to do so, on or before March 11, 2011.

IT IS SO ORDERED.

Dated:   **February 9, 2011**                     /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE