IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LANE JOHNSON, | Case No. 1:09-cv-00742 AWI JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| vs. | |
| S. CAVAGNARO, et al., | (Doc. 28) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, wherein he alleges that Defendants Cavagnaro, Lane, and Does 1-6 used excessive force against him in violation of the Eighth Amendment. Now pending before the Court is Defendants' January 25, 2011 motion to dismiss for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. Plaintiff has opposed the motion. For the reasons set forth below, the Court recommends that Defendants' motion to dismiss be **GRANTED**.

I.   BACKGROUND

Plaintiff filed his complaint and initiated this civil rights action on April 27, 2009. (Doc. 1.) Plaintiff alleges in his complaint that on October 11, 2008, while confined at the California Substance Abuse Treatment Facility, he was suspected of possessing a controlled substance and was therefore placed on contraband watch. (Id. at 5-6.) Plaintiff alleges that for the next three days, his wrists and

1

1 ankles were placed in restraints that were too tight, he was denied hygiene supplies, he was only given
2 two cups of liquid a day, and he was not provided blood pressure and psychotropic medication. (Id. at
3 6-8.) Based on these allegations, Plaintiff claimed that prison officials violated his rights under the
4 Eighth Amendment. (Id. at 9-10.)

5       By order filed September 11, 2009, the Court screened the complaint and found that it stated
6 cognizable excessive force claims under the Eighth Amendment regarding the use of overly tightened
7 restraints against Does 1-6. (Doc. 12 at 3-4.) The Court also found, however, that the complaint failed
8 to state cognizable claims regarding (1) the use of excessive force by Defendants Cavagnaro and Lane;
9 and (2) the conditions of confinement Plaintiff was subjected to during contraband watch. (Id. at 4-6.)
10 The Court therefore instructed Plaintiff to either file an amended complaint or notify the Court of his
11 willingness to proceed only on his excessive force claims against Does 1-6. (Id. at 6.)

12       In accordance with the Court's order, Plaintiff filed an amended complaint on October 7, 2009.
13 (Doc. 13.) Therein, Plaintiff largely reiterates his allegations regarding his excessive force claims. On
14 July 20, 2010, the Court screened the amended complaint and issued findings and recommendations
15 recommending that this action proceed on Plaintiff's excessive force claims against Defendants Lane,
16 Cavagnaro, and Does 1-6. (Doc. 17 at 6.) The Court also recommended that Plaintiff's conditions of
17 confinement claims be dismissed for failure to state a claim. (Id.) The findings and recommendations
18 were adopted in full by the assigned district judge on November 15, 2010. (Doc. 22.)

19       On January 25, 2011, Defendants Cavagnaro and Lane filed the pending motion to dismiss.
20 (Doc. 28.) On February 7, 2011, Plaintiff filed a motion to stay this case pending his transfer from
21 administrative segregation. (Doc. 30.) The Court denied Plaintiff's motion to stay and instead granted
22 Plaintiff until March 11, 2011 to file an opposition to Defendants' motion. (Doc. 31.) On March 4,
23 2011, Plaintiff filed a document labeled "Plaintiff's unsworn declaration." (Doc. 34.) The Court has
24 construed the document to be Plaintiff's opposition.

25 **II.**    **DEFENDANTS' MOTION TO DISMISS**

26     **A.**    **Defendants' Arguments**

27       Defendants argue that this action should be dismissed because Plaintiff has failed to exhaust
28 available administrative remedies prior to filing suit. (Doc. 28 at 3.) As support for their argument,

1    Defendants have provided the declaration of R. Hall, the appeals coordinator at California Substance
2    Abuse Treatment Facility.  (Id. at 33-34.)  R. Hall declares that he has reviewed Plaintiff's grievance
3    record at California Substance Abuse Treatment Facility and was able to locate two appeals relating to
4    the events of October 11, 2008, Appeal #SATF-A-09-3560 and Appeal #SATF-10-D-3747.  (Id. at 34.)
5    R. Hall notes that Appeal #SATF-A-09-3560 was filed on September 29, 2009 and Appeal #SATF-10-
6    D-3747 was filed over a year later, on October 3, 2010.  (Id.)  R. Hall indicates that Appeal #SATF-10-
7    D-3747 was screened-out, however, because it was deemed duplicative of Appeal #SATF-A-09-3560.
8    (Id.)  A copy of Plaintiff's appeals record at California Substance Abuse Treatment Center is attached
9    as an exhibit to the instant motion.  (Id. at 41.)

10        Defendants have also provided the declaration of D. Foston, the Chief of the Inmate Appeals
11   Branch for the California Department of Corrections and Rehabilitation.  (Id. at 15-16.)  D. Foston
12   declares that he has reviewed Plaintiff's inmate appeal records at the Director's Level of Review (the
13   final level) and was able to locate only one appeal, Appeal #SATF-A-09-3560, concerning the events
14   of October 11, 2008 that completed the appeals process.  (Id. at 16.)  A copy of Appeal #SATF-A-09-
15   3560 is attached as an exhibit to the instant motion.  (Id. at 19-32.)

16        Having established that Appeal #SATF-A-09-3560 was the only appeal concerning the events
17   of October 11, 2008 that completed the appeals process, Defendants contend that the appeal was not
18   timely filed and therefore fails to exhaust Plaintiff's claims in this action.  (Id. at 6.)  Defendants argue
19   that proper exhaustion of administrative remedies requires a prisoner to comply with all the deadlines
20   set forth by prison regulations.  (Id. at 5.)  Defendants maintain that pursuant to California Code of
21   Regulations, Title 15, Section 3084.2, a prisoner must submit a grievance within fifteen days of the
22   disputed events.  (Id.)  Thus, in Defendants' view, because Appeal #SATF-A-09-3560 was filed almost
23   one year after the events giving rise to this action, the appeal was untimely filed and is insufficient to
24   exhaust Plaintiff's claims in this case.  (Id. at 6.)

25        Defendants dismiss any notion that the defense of untimely exhaustion, which they now assert,
26   was waived when prison officials accepted Appeal #SATF-A-09-3560 for review despite the appeal's
27   apparent untimeliness.  (Id.)  Defendants contend that "[t]o find otherwise would vitiate any incentive
28   for [prison officials] to investigate and voluntarily remedy instances of mistreatment that are not timely

raised, because in doing so [prison officials] would risk forfeiting a valid defense to a potential suit." (Id.)

### B. Plaintiff's Opposition

Plaintiff presents three arguments in his opposition to the instant motion. First, Plaintiff argues that because he is "not challenging prison conditions," he is not required to exhaust his administrative remedies before seeking federal judicial relief. (Doc. 34 at 1.) Second, Plaintiff asserts that "I filed the first 602 [inmate appeal] on October 11, 2008 [but the] CDCR purposely would not respond to my 602 because they knew it would give me problems later." (Id. at 2.) Third, Plaintiff has included in his opposition an inmate appeal, Appeal #SVSP-L-10-02504, regarding Plaintiff's missing property while confined at Salinas Valley State Prison. (Id. at 5-22.) Plaintiff appears to argue that prison officials at Salinas Valley State Prison delayed the processing of his appeal and are deliberately denying him his property. (Id. at 2-4.)

## III.   EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). In California, the Department of Corrections and Rehabilitation has established an administrative grievance system for prisoner complaints. See Cal. Code Regs, tit. 15 § 3084.1 (West 2009). Prisoners may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Id. at § 3084.1(a). The process is initiated by a prisoner submitting a CDCR Form 602, which is also known as an "inmate appeal." Id. at § 3084.2(a). The inmate appeal typically proceeds

through four levels of review: an informal level, the first formal level, the second formal level, and the third formal level, also known as the "Director's Level." Id. at § 3084.5. A final decision from the Director's Level of review typically satisfies the exhaustion requirement under § 1997e(a). See, e.g., Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. If the court concludes that the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. If a complaint contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

## IV. DISCUSSION

### A. Applicability of the Exhaustion Requirement

As an initial matter, the Court rejects Plaintiff's contention that he is not required to exhaust all available administrative remedies prior to filing suit because the excessive force claims on which he is now proceeding do not challenge "prison conditions." The United States Supreme Court has clearly stated that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. Here, Plaintiff's excessive force claims arise from events that occurred in prison and are therefore subject to the PLRA's exhaustion requirement. See Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010) (affirming district court's dismissal of prisoner's excessive force claim for failure to exhaust administrative remedies).

### B. Plaintiff's Inmate Appeals

Turning to the issue of whether Plaintiff properly exhausted his administrative remedies, the Court finds that Appeal #SATF-A-09-3560 and Appeal #SATF-10-D-3747 are the only inmate appeals filed by Plaintiff that are relevant to this case. Defendants have produced as evidence the declarations of R. Hall and D. Foston, as well as Plaintiff's inmate appeals records at California Substance Abuse

Treatment Facility. The evidence shows that Plaintiff filed two inmate appeals regarding the use of overly tight restraints while he was on contraband watch beginning October 11, 2008. The first appeal, Appeal #SATF-A-09-3560, was filed on September 29, 2009. The second appeal, Appeal #SATF-10-D-3747, was filed on October 3, 2010.

In the face of this evidence, Plaintiff has failed to demonstrate that he filed any other inmate appeal relating to the events giving rise to this action. Plaintiff's assertion that "I filed the first 602 [inmate appeal] on October 11, 2008, [but the] CDCR purposely would not respond . . . because they knew it would give me problems later" is vague and unpersuasive. Plaintiff fails to provide facts, let alone evidence, regarding the circumstances surrounding the appeal. Notably, Plaintiff does not offer a copy of the appeal, nor does Plaintiff explain its contents. There is also no indication as to which prison officials processed the appeal, or why prison officials believed the appeal would cause *Plaintiff* problems in the future. Given this lack of information, the Court is unable to conclude that Plaintiff attempted to file an appeal on October 11, 2008, but was thwarted by prison officials for an improper or illegitimate reason.

Moreover, Plaintiff's bald assertion is undercut by the allegations in Plaintiff's own complaint. Plaintiff alleges that for the "entire time [] he was on contraband watch" from October 11, 2008 to October 14, 2008, his hands and wrists were placed in plastic and metal handcuffs. (Doc. 13 at 7-8.) Plaintiff alleges further that the handcuffs were so tight that the blood flow to his hands was restricted, causing him severe numbness and pain in his wrists. (Id. at 7-8.) Finally, Plaintiff alleges that while on contraband watch, he was placed in a barren holding cell, which lacked even a toilet. (Id. at 7.) In light of the severe restrictions allegedly placed on Plaintiff and the fact that Plaintiff was not released from contraband watch until October 14, 2008, it seems improbable that Plaintiff attempted to file an appeal regarding these events as early as October 11, 2008.

As to Appeal #SVSP-L-02504, the Court finds the appeal irrelevant to the issue at hand. The appeal concerns Plaintiff's claim that he is missing personal property at Salinas Valley State Prison, events that are entirely unrelated to Plaintiff's excessive force claims in this case. To the extent that Plaintiff argues that the appeal demonstrates that prison officials are improperly processing his inmate appeals, the Court is not persuaded. It is true that the Ninth Circuit has suggested that an inmate may

be excused from his failure to exhaust administrative remedies where the prison creates "draconian procedural requirements that would 'trip [] up all but the most skillful prisoners[.]'" Sapp v. Kimbrell, 623 F.3d 813, 827 (9th Cir. 2010) (quoting Ngo, 548 U.S. at 102). However, Appeal #SVSP-L-02504 does not show that such was the case at California Substance Abuse Treatment Facility (the institution where the alleged excessive force took place). The appeal was filed and processed at Salinas Valley State Prison and therefore has no bearing on the adequacy of the inmate appeals process at California Substance Abuse Treatment Facility.[1]

### C. Timeliness of Plaintiff's Inmate Appeals

The Court finds that the inmate appeals relevant to this action, Appeal #SATF-A-09-3560 and Appeal #SATF-10-D-3747, are untimely for the purpose of exhausting Plaintiff's claims in this case. As indicated above, a prisoner must exhaust all available administrative remedies prior to filing suit. Jones, 549 U.S. at 211. In other words, a prisoner must satisfy the exhaustion requirement before he files his complaint in court. Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If the prisoner files his complaint prematurely, the case must be dismissed, "even if the prisoner exhausts his administrative remedies while the litigation is pending." Vaden, 449 F.3d at 1051 (quoting Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004)). See also McKinney, 311 F.3d at 1199-1201.

Here, Plaintiff filed his original complaint, which contained his Eighth Amendment claims for the use of excessive force, on April 27, 2009. (Doc. 1.) Plaintiff, however, did not file Appeal #SATF-A-09-3650 until five months later on September 29, 2009. (Doc. 28 at 21.) More importantly, Appeal #SATF-A-09-3650 did not complete the inmate appeals process until May 21, 2010, over a year after Plaintiff filed his original complaint. (Id. at 19-20.) As to Appeal #SATF-10-D-3747, the appeal was filed even later, on October 3, 2010. (Id. at 39.)

Because Appeal #SATF-A-09-3650 and Appeal #SATF-10-D-3747 were only filed well after Plaintiff filed his original complaint in this action, the Court concludes that both appeals are untimely

---

[1] The Court notes that Plaintiff also alleges in his amended complaint that he filed inmate appeals on October 25, 2008 and December 10, 2008, but prison officials failed to respond. (Doc. 13 at 2.) The amended complaint, however, is not verified, as Plaintiff did not sign the pleading under the penalty of perjury. Accordingly, the allegations in the amended complaint may not be considered as evidence in Plaintiff's favor.

and insufficient to exhaust Plaintiff's claims in this case.[2]

## V.  CONCLUSION

In sum, Defendants have put forth evidence demonstrating that Plaintiff has failed to exhaust available administrative remedies prior to filing this action. In the face of this evidence, Plaintiff has failed to show that he fully exhausted an inmate appeal regarding the events of October 11, 2008 prior to filing this action or that his administrative remedies were rendered unavailable.

Accordingly, it is **HEREBY RECOMMENDED** that:

1. Defendants' January 25, 2011 motion to dismiss (Doc. 28) be **GRANTED**;
2. Plaintiff's claims be **DISMISSED** without prejudice; and
3. This case be **CLOSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within fourteen (14) days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 7, 2011**                                     /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Of course, Appeal #SATF-10-D-3747 is insufficient to exhaust Plaintiff's claims in this case for a more obvious reason: the grievance never completed the inmate appeals process. On October 25, 2010, the appeals coordinator properly screened-out Appeal #SATF-10-D-3747 at the first level of review because it was deemed duplicative of Appeal #SATF-A-09-3650. See Cal. Code Regs, tit. 15 § 3084.3(c)(2).

8